IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-375-FL

| | |
|---|---|
| GRAHAM A. CRISPIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BAC HOME LOANS SERVICING, ) | ORDER |
| LP; BANK OF AMERICA, ) | |
| NATIONAL ASSOCIATION; and, ) | |
| SUBSTITUTE TRUSTEE SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss pursuant to Rule 12(b)(6) of defendant Bank of America, National Association, on its own behalf and as successor by merger to BAC Home Loans Servicing, LP,[1] ("defendant BANA") (DE # 10) and the motion to dismiss of defendant Substitute Trustee Services, Inc. ("defendant STS") (DE # 19). Plaintiff filed response in opposition to both motions. Only defendant BANA filed reply. In this posture, the issues raised are ripe for review. Based on the following, the court denies the motions to dismiss and provides notice under Fed. R. Civ. P. 12(d) that it construes the instant motions as ones for summary judgment pursuant to Fed. R. Civ. P. 56.

---

[1] As noticed by the parties, Bank of America, N.A., is the successor to BAC Home Loans Servicing, L.P. As noted above, to avoid confusion from the use of too many acronyms, this defendant is referred to throughout this order as "defendant BANA."

## STATEMENT OF THE CASE

Plaintiff filed complaint against all defendants in Wake County Superior Court in June, 2011. After learning that Bank of America, N.A., was the successor in interest to BAC Home Loans Servicing, plaintiff amended his complaint. On July 18, 2011, defendants filed notice of removal to this court.

Plaintiff's amended complaint seeks to enjoin the foreclosure sale of real property located at 107 Candy Apple Court, Cary, North Carolina ("the property"). Plaintiff alleges violations of Section 6 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and N.C. Gen. Stat. § 45-93 and 94. Plaintiff also alleges violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, and seeks a preliminary injunction to stop the foreclosure of the property.

On July 25, 2011, defendant BANA filed its motion to dismiss, contending that plaintiff's claims should be dismissed with prejudice for failure to state a claim under which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Shortly thereafter, defendant STS filed motion to dismiss on the same grounds. Plaintiff responded in opposition and defendant BANA filed reply. On November 3, 2011, to promote the efficient resolution of the case, the court entered a case management order ("CMO") that sets forth various deadlines for this matter.

## STATEMENT OF THE FACTS

The facts as alleged in plaintiff's amended complaint are as follows. Plaintiff, a citizen of Wake County, North Carolina, refinanced the property in 2002. On September 12, 2006, plaintiff again refinanced the property pursuant to a promissory noted payable to "America's Wholesale

2

Lender."[2] Simultaneously, plaintiff executed a deed of trust on the property, which deed of trust was recorded at book 12170, page 525, in the Wake County Registry of Deeds. The beneficiary of the deed of trust was America's Wholesale Lender, described as a corporation organized and existing under the laws of the state of New York. An entity by the name of Trustee Services of Carolina, LLC, was named as trustee on the deed of trust.

In the summer of 2009, plaintiff received a "Homesaver Payment Forbearance Agreement" showing defendant BANA as the servicer of his loan. This documentation, though not attached to the complaint, allegedly contained two different loan numbers, one of which was not on any documentation plaintiff had received. Plaintiff wished to enter into a forbearance agreement, so he returned the proposed agreement to defendant BANA with various proposed changes. Plaintiff's proposed changes included amendments to the documentation that he alleges were made to avoid duplicate remedies to the servicer that were in the loan documents as remedies to the lender. (Am. Compl. ¶ 24.) Plaintiff claims that he also asked for assurances that defendant BANA was the servicer of his loan, information about the identity of the holder of the note, and documentation of defendant BANA's authority from the holder to enter into the forbearance agreement. Plaintiff contends that defendant BANA did not respond to plaintiff's proposed changes and did not provide any of the information and documentation plaintiff requested or address his concerns about the identity of the lender.

In July 2010, plaintiff received a notice of intention to collect attorney fees from the law firm of Hutchens, Senter & Britton ("Hutchens law firm"), purporting to act on behalf on defendant BANA or defendant STS, or both. Plaintiff claims he responded to Hutchens law firm's letter by

---

[2] Plaintiff did not attach a copy of the promissory note to the amended complaint.

3

requesting information required to be provided under the RESPA. Plaintiff also sent, *pro se*, a motion to compel to Hutchens law firm to request more information. Plaintiff claims that his requests for information were ignored.

In September 2010, Hutchens law firm responded to plaintiff's inquiries with an affidavit of default, dated August 23, 2010, stating that defendant BANA was both the holder of plaintiff's note and the servicer. The letter also included a copy of an assignment of the deed of trust from "Countrywide Home Loans, Inc.," to "Countrywide Home Loans Servicing, L.P." Plaintiff claims that neither the letter nor assignment included any information about or pertaining to America's Wholesale Lender.

On July 30, 2010, an "Appointment of Substitute Trustee" was filed in the Wake County Registry, at Book 14019, Page 1555. This document revealed that "BANA Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP" was the holder, and that defendant BANA had appointed defendant STS as the substitute trustee on plaintiff's deed of trust. After this, a notice of foreclosure hearing was filed on September 8, 2010, with defendant BANA as the holder and defendant STS as the trustee.

Plaintiff claims that foreclosure hearing was continued multiple times and that defendants failed to provide notices of continuance. Plaintiff claims that during this time he repeatedly tried to get more information about the holder of his loan and information about a person who could assist him. On October 13, 2010, plaintiff claims he sent a formal, qualified written request to defendant BANA asking for the identity of the holder of the note and a person with authority to do a modification. Plaintiff claims he received response on November 22, 2010, from "Bank of America Home Loans" stating that the owner of the note was not BANA, but the Federal National Mortgage

4

Association ("FNMA"), known colloquially as "Fannie Mae." The response also stated that "Natalie Mendez, Foreclosure Specialist," in Jacksonville, FL, was a "servicer representative with the information and authority to answer questions and resolve issues." Plaintiff claims that he called Ms. Mendez, who denied having information or authority to answer questions. Defendant BANA directed plaintiff to Ms. Mendez on another occasion in April, 2011, on which date plaintiff claims Ms. Mendez again denied having information or authority to help plaintiff.

Plaintiff requested the same information from Hutchens law firm and again from defendant BANA, but alleges that the responses were not forthcoming or helpful. Plaintiff claims that in response to his requests, defendant BANA sent plaintiff copies of documents provided to him at the closing of his loan, and Hutchens law firm sent him copies of the note and deed of trust with no identity about the holder of the loan, and with the loan number blacked out.

Still confused about the role of "America's Wholesale Lender" in the ownership of his loan, in February, 2011, Hutchens law firm sent plaintiff copies of documents referencing a corporate name change that included information that Countrywide Funding Corporation was doing business as America's Wholesale Lender and would file a "doing business as" statement in every jurisdiction where such filings are permitted. Plaintiff claims that a search of the assumed name records on the website of the Wake County Register of Deeds showed no assumed name certificate for either Countrywide Funding Corporation or America's Wholesale Lender.

Plaintiff also claims that searches he conducted on the FNMA website revealed multiple times that FNMA was the holder of his loan, but that at least one search revealed that FNMA did not own his loan.

5

# COURT'S DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557).

Rule 12(d) provides that if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. It is well settled that there are limited exceptions to this rule which allow a court to consider certain matters outside of the pleadings without converting the motion to one for summary judgment. Courts may consider documents

6

Case 5:11-cv-00375-FL   Document 26   Filed 12/15/11   Page 6 of 14

referenced in the complaint and documents "integral to and explicitly relied on in the complaint if the plaintiffs do not challenge [the document's] authenticity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004); see also Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (in considering motion to dismiss, court can take judicial notice of matters of public record as well as documents attached to a motion to dismiss as long as they are integral to the complaint and authentic). Defendants have cited no authority, and the court is unaware of any, that holds that documents attached to a motion to dismiss, whose authenticity is disputed by plaintiff, may be considered by the court on a motion to dismiss without converting it to summary judgment.

B.  Analysis

1. Motion to Dismiss[3]

Plaintiff's first cause of action is to enjoin the foreclosure sale of the property on equitable grounds. A mortgagee or trustee who is granted a power of sale under a mortgage or deed of trust may exercise that power and proceed under that instrument, provided all statutory requirements are observed. N.C. Gen. Stat. § 45-21.16(a). All that is required by North Carolina statute to sell property at foreclosure is that the trustee on the deed of trust, who has been granted a power of sale under the deed of trust, file a notice of hearing with the clerk of court and serve the notice on each party entitled to receive it. See N.C. Gen. Stat. § 45-21.16.

---

[3] To promote the most efficient resolution of the issues raised, the court addresses both defendants' motions to dismiss herein. As a preliminary matter, the court acknowledges that only the first and fourth claims in the amended complaint pertain to defendant STS. Defendant STS's arguments that it is entitled to a dismissal of the claims against it on the grounds that it is not mentioned frequently in the complaint fail as the court agrees with plaintiff that since defendant STS identifies itself as the substitute trustee on plaintiff's deed of trust, it is a necessary party to any suit to enjoin foreclosure. Additionally, as described in more detail, plaintiff alleges in the complaint that Hutchens law firm acted on behalf of defendant STS (Am. Compl. ¶ 27), and makes various allegations that Hutchens law firm refused to provide information and unnecessarily continued foreclosure proceedings.

7

An owner of real estate, or other person having a legal or equitable interest in the property, may, prior to the time that the rights of the parties to the sale or resale become fixed, make application to enjoin a mortgage sale on any legal or equitable ground which the court may deem sufficient. See N.C. Gen. Stat. § 45-21.34. Plaintiff's primary argument is that defendant BANA is not the holder of his loan, and that defendant STS is not the substitute trustee with authority to foreclose on the property. Plaintiff alleges that the foreclosure sale would be inequitable because the entity claiming to be the holder in the foreclosure proceeding is not the holder and that defendant STS who purports to be the substitute trustee does not have the authority to act as such. Defendant BANA responds that it is current holder of the deed of trust and defendant STS is the substitute trustee entitled to bring an action to foreclose on the property. In support of this, it attaches various documents to its motion to dismiss, described below.

The convoluted facts of the case, described above, reveal a factual dispute over the ownership of plaintiff's loan. Defendant BANA repeatedly asserts that there is no such factual dispute, and that any factual question is clearly resolved by the documents it attached to its motion to dismiss, which include, (1) what appears to be a promissory note from plaintiff to America's Wholesale Lender, which includes an indorsement that denotes Countrywide Home Loans, Inc., a New York Corporation doing business as America's Wholesale Lender; (2) a deed of trust registered in the Wake County register between borrower plaintiff and lender America's Wholesale Lender; and (3) a payment history affidavit also in the Wake County register that appears to stating that BANA Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, is the servicer of the loan

8

account evidenced by the attached deed of trust and promissory note.[4]

Despite the fact that defendant BANA contends that these documents are matters of public record and would resolve the instant dispute, plaintiff objects to the authenticity of the attached documents and states in his response that with regard to the promissory note including the indorsement, he "has never seen this document, and it was not included in any of the documents provided by Defendants to him in the foreclosure process." (Resp. Opp'n 18.)[5] Where plaintiff clearly calls into question the authenticity of the documents repeatedly cited by defendant BANA and defendant STS, especially the document purporting to illustrate the chain of holders of plaintiff's loan through the indorsement, the court cannot consider the documents without converting the motion to one for summary judgment.[6] The court herein provides the parties notice that it so construes defendants' motions pursuant to Rule 56. Defendant BANA's and defendant STS's motions to dismiss as to the first cause of action in the complaint are denied.[7]

---

[4] Defendant BANA itself raises several factual disputes within the briefs it has submitted in support of its motion. Defendant BANA's brief in support of its motion to dismiss states that "this is a dispute between a borrower and a loan servicer." (Def. BANA's Mem. Supp. Mot. Dismiss 15.) However, defendant BANA's reply in support of its motion states that defendant BANA is the holder of the note. (Def. BANA's Reply 2.) Without deciding or addressing the legal implications of being a loan holder or servicer, or both, the court notes the discrepancy in the briefs, a discrepancy that no doubt can be explored further and perhaps resolved in discovery.

[5] Similarly, defendant STS attaches documents to its motion to dismiss, including a copy of a promissory note that appears similar to the one attached by defendant BANA, yet without the indorsement. Plaintiff disputes the court's consideration of the attached documents, arguing that they are outside of the scope of the motion to dismiss and referencing its assertion that as to at least one of the documents attached to defendant BANA's complaint, plaintiff disputes the authenticity of the same. As such, the court finds that to consider any of the referenced documents would be improper under the rules of civil procedure at this stage.

[6] Because the court is considering defendants' motions as motions for summary judgment, it declines to address the factual dispute of the role of FNMA with regard to the ownership of plaintiff's loan. This dispute potentially adds another layer to the ownership issue, and again, is more appropriate for resolution at the summary judgment stage when the court can properly consider the facts with a more developed record.

[7] In its responses to both defendants' motions to dismiss, plaintiff asks the court to take judicial notice of various facts. Without benefit of a more developed record at this stage, the court declines to do so.

The court next addresses defendant BANA's motion to dismiss plaintiff's second and third causes of action, specifically the alleged violations of RESPA and N.C. Gen. Stat. § 45-93. RESPA requires loan servicers to respond to a borrower's inquiries upon receipt of a qualified written request ("QWR"), and within sixty (60) days provide the borrower the name and telephone number of an individual who can provide assistance to the borrower. 12 U.S.C. § 2605(e). Defendant BANA does not dispute that plaintiff sent a QWR; rather, the dispute is over defendant BANA's response to plaintiff's request.[8] Plaintiff's complaint alleges that the individual whose name he was given as someone who could help him, "told Plaintiff she cannot provide such assistance." (Am. Compl. ¶ 85.) Contrarily, defendant BANA contends that plaintiff was unsatisfied with the response given to him by the representative. At this stage of the proceedings, the court is obligated to accept as true all well plead allegations in the complaint. If plaintiff's allegation is true, and defendant BANA responded to the QWR insufficiently, plaintiff has stated a claim under RESPA that plausibly entitles him to relief. To dispute the content of what the representative told plaintiff as defendant BANA does here is clearly to dispute facts, which is appropriate for a motion for summary judgment but inappropriate for a motion to dismiss.[9]

Similarly, defendant BANA's motion to dismiss plaintiff's third claim for relief under N.C. Gen. Stat. § 45-93 disputes the content of what defendant BANA's servicer representative

---

[8] Defendant BANA's motion includes a confusing discussion about its uncertainty of whether the "back-and-forth communication about the proposed forbearance agreement" is the basis of his RESPA and N.C. Gen. Stat. § 45-93 claims. To the extent defendant BANA raises this as an argument for dismissal of counts two and three, the argument is rejected as the complaint clearly states that plaintiff contacted defendant BANA numerous times and made requests pursuant to these statutes. (See Am. Compl. ¶¶ 42, 59, 61.)

[9] Defendant BANA also argues that plaintiff failed to allege damages arising out of defendant BANA's failure to respond to plaintiff's QWR requests. To the contrary, the complaint alleges damages in the form of higher interest rates and fees, costs of making request, and attorney fees for hearings that did not take place. Defendant BANA offers no persuasive authority to suggest that such allegations do not meet the pleading requirements of RESPA.

10

communicated to plaintiff in response to his written request made under § 45-93(2). The court's analysis here is the same as to plaintiff's RESPA claim. Defendant BANA's arguments that this claim should be dismissed fall short, as they raise factual questions about the content of communications between its representative and plaintiff. As such, defendant BANA's motion to dismiss plaintiff's third cause of action is denied.

Defendants BANA and STS also ask the court to dismiss plaintiff's claim under the UDTPA. A party claiming violation of the UDTPA must prove: (1) an unfair or deceptive act or practice, or unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or his business. Wysong & Miles Co. v. Employers of Wausau, 4 F.Supp.2d 421, 433 (M.D.N.C. 1998). Accepting the facts as alleged by plaintiff, he has stated a claim under the UDTPA. Additionally, because many of plaintiff's claims under his first cause of action are incorporated by reference into his UDTPA claim, the court cannot resolve defendants' motions to dismiss this claim in their favor at this time.

Defendant BANA argues that plaintiff has not shown how the actions complained of affect the marketplace and has not shown egregious circumstances warranting UDTPA liability. As to the marketplace argument, defendant BANA relies on the premise that the relationship between it and plaintiff is one of contract between a borrower and loan servicer, and thus is not covered by the UDTPA. See, e.g., Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989) (simple breach of contract, even if intentional, does not amount to violation of UDPTA without a showing of substantial aggravating circumstances). However, as described in detail above, the precise relationship between plaintiff and defendants is disputed between the parties, and without more, the

11

court cannot accept defendant BANA's argument.[10] Cf. Barnes v. Cargill, Inc., 891 F.2d 286, *6 (4th Cir. 1989) (finding relationship of borrower and mortgage broker to be in and affecting commerce under UDTPA). Additionally, whether a trade practice is unfair or deceptive usually depends upon the facts of each case and impact the practice has in the marketplace. Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). The facts of this case and the exact relationship between plaintiffs and defendants is in dispute. Expansion of the factual record is necessary before a finding can be made of whether the conduct alleged in the complaint is in or affecting commerce.

As to the other elements of the UDTPA claim, plaintiff alleges that defendants engaged in inequitable practices relating to plaintiff's home loan and the foreclosure of plaintiff's home, including but not limited to initiating a foreclosure action without being the holder of the loan or proper trustee and refusing to provide information regarding ownership of the loan when requested by plaintiff. Plaintiff claims he has suffered damages in the form of higher interest rates and fees, costs of making requests, attorney fees for non-existent hearings and foreclosure proceedings.[11] Taking the plaintiff's allegations as true, as is appropriate at this stage, the court finds the plaintiff has stated a claim for relief under the UDTPA and denies defendants' motions to dismiss the same.[12]

---

[10] Based on this conclusion it is not necessary for the court to consider defendant BANA's argument that the complaint does not allege egregious or aggravating circumstances, because without more, at this stage in the proceedings, the relationship between the parties is not clear.

[11] As plaintiff notes in his response, the court is cognizant that plaintiff not required to prove damages at this stage. However, failure to show actual injury will result in dismissal of the UDTPA claim. See Walker v. Branch Banking & Trust Co., 133 N.C. App. 580, 515 S.E.2d 727 (1999) (affirming lower court's determination at summary judgment stage that plaintiff's failure to forecast evidence was insufficient as a matter of law to show actual damage by defendants' actions).

[12] The court does not determine at this juncture whether the alleged conduct of defendant STS in continuing the foreclosure proceedings amounts to a deceptive act or practice which affects competition under the UDTPA. Defendant STS's motion to dismiss the UDTPA claim is denied because of the allegations against that defendant in relation to plaintiff's motion to enjoin the foreclosure of the property.

12

Case 5:11-cv-00375-FL   Document 26   Filed 12/15/11   Page 12 of 14

2. Motion for Preliminary Injunction

Plaintiff's complaint also seeks preliminary injunction enjoining all defendants from proceeding with the foreclosure sale and undertaking other actions related to foreclosure during the pendency of the instant action. Attached to the amended complaint is a consent order from Wake County Superior Court (DE # 2 p. 40) stating that defendants consent to plaintiff's motion and agree to take no further action, including any foreclosure hearing and sale, with regard to the property. None of the parties have briefed the issue of plaintiff's motion for preliminary injunction, and where it appears to be moot, plaintiff is ordered to SHOW CAUSE within **fourteen (14) days** of entry of this order as to why the docket should not reflect that plaintiff's motion is no longer pending. If plaintiff does not respond, the Clerk is DIRECTED to conform the docket to reflect that plaintiff's motion for preliminary injunction is not currently pending for decision.

## CONCLUSION

For the foregoing reasons, the court DENIES defendants' motions to dismiss (DE # 10, 19) and herein provides notice that because the defendants attached matters outside the complaint to their motions, the court construes the same as motions for summary judgment pursuant to Fed. R. Civ. P. 56. Where the CMO currently in place provides for a deadline of July 13, 2012, for the filing of dispositive motions, the court sees no reason to alter such deadline. The parties may undertake discovery to the extent necessary to obtain materials related to the motions for summary judgment. Unless objection to this deadline is raised by a party through a motion requesting specific relief, such date will be the deadline for the parties to file all other dispositive motions. Plaintiff is ORDERED to show cause within **fourteen (14) days** as to why the docket should not reflect that his motion for preliminary injunction is no longer pending.

SO ORDERED, this the 14th day of December, 2011.

                                                  LOUISE W. FLANAGAN
                                                  United States District Court Judge