IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-375-FL

| | | |
|---|---|---|
| GRAHAM A. CRISPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BAC HOME LOANS SERVICING, | ) | |
| LP; BANK OF AMERICA, | ) | |
| NATIONAL ASSOCIATION; and, | ) | |
| SUBSTITUTE TRUSTEE SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on motion of defendant Bank of America, N.A., in its own capacity and as successor by merger to BAC Home Loans Servicing, LP ("BANA"), to excuse the physical attendance of its representative at the scheduled mediated settlement conference. Plaintiff responded in opposition on May 24, 2012.

The case management order, entered November 3, 2011, requires the parties to participate in mediation. The parties have selected J. Anderson Little as mediator and scheduled mediation for June 4, 2012, beginning at 10:00 a.m. in the offices of McGuireWoods LLP, 434 Fayetteville Street, Suite 2600, Raleigh, NC 27601.

Defendant BANA moves to excuse the physical attendance of its representative at the mediated settlement conference. BANA informs that the representative most familiar with this case, Maral Vahdani, a Litigation Management Specialist, resides in California. According to BANA,

"[t]he expenses associated with Ms. Vahdani's travel to and from Raleigh, North Carolina would significantly increase the costs of the mediated settlement conference for BANA." Def.'s Mem. ¶ 5.

Local Civil Rule 101.1d(d)(1)(i) generally requires the physical presence at the entire mediated settlement conference of "an officer, manager, or director of a corporate or entity party, such representative to have full authority to negotiate on behalf of the entity." However, the attendance requirement may be "excused or modified, including the allowance of [the] party's or person's participation without physical attendance . . . [b]y order of the court, upon motion of a party and notice to [all] parties and persons required to attend and the mediator." Local Civil Rule 101.d(d)(2)(ii).

Under these unique circumstances, the undersigned finds that the selected mediator, Mr. Little, is best situated to determine whether the physical presence of a BANA representative is necessary to ensure effective mediation. Therefore, the parties are DIRECTED to request and adhere to Mr. Little's decision as to whether a BANA representative can participate telephonically in the mediated settlement conference. Should Mr. Little determine that physical attendance is required, the parties may postpone if necessary said conference, up to thirty (30) days from entry of this order, to enable BANA to arrange for cost-efficient travel of its selected representative to the mediation.

SO ORDERED, this the 1st day of June, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge